UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SO APARTMENTS, LLC; TRIFS COVE, LLC; PP APARTMENTS LLC; GARDINA COURT APTS, LLC; TV APTS, LLC; TRIF TRADEWIND, LLC; AND TRIFF GARDINA, LLC, | § § § § § § | |
| *Plaintiffs*, | § | Civil Action No. SA-17-CA-965-XR |
| *v.* | § § § | |
| EVEREST INDEMNITY INSURANCE COMPANY, MICHAEL HARGRAVE, | § § § § | |
| *Defendants*. | § | |

# ORDER

On this date, the Court considered the status of the above-captioned case. After reviewing the parties' briefing and the applicable law, the Court hereby GRANTS Plaintiffs' Motion to Remand to State Court. Docket no. 2.

## BACKGROUND

Plaintiffs filed their Original Petition in the 285th Judicial District Court of Bexar County, Texas on August 22, 2017. Docket no. 1-1. Plaintiffs bring claims related to an alleged insurance claim following a storm. *Id.*

Plaintiffs, citizens of Texas, allege that on April 19, 2016, a hail storm damaged their insured properties located at 1318 Gardina St., San Antonio, Texas 78201 and 423 Vance Jackson, San Antonio, Texas 78201 ("the Properties"). *Id.* at 11. Plaintiffs are the owners of insurance policies for these properties, issued by Defendant Everest. *Id.*

Plaintiffs allege they sustained covered losses when a wind and hailstorm damaged the

1

Properties, and Plaintiffs reported such to Everest pursuant to the policy. *Id.* at 12. Everest hired Defendant Michael Hargrave to address the damages, but Hargrave allegedly failed to address all of the damages. *Id.* After the initial inspection, Hargrave and Everest allegedly have done little to advance Plaintiffs' claims and ignored Plaintiffs' pleas for help. *Id.* Everest has allegedly failed to accept, deny, or pay the claim. *Id.* Plaintiffs allege that Hargrave "conducted an outcome-oriented investigation and under-scoped Plaintiffs' damages." *Id.*

Plaintiffs allege that Everest wrongfully failed to accept, deny, or pay their claim timely and have effectively denied the claim for full repairs to the Properties, despite the policy providing coverage for such losses. *Id.* Plaintiffs allege Everest failed to fully pay Plaintiffs' claim and engaged its agents to misrepresent policy provisions and coverage. *Id.*

Plaintiffs bring claims against Everest for breach of contract, breach of the duty of good faith and fair dealing, civil conspiracy, and noncompliance with the Texas Insurance Code. *Id.* at 13–19. Plaintiffs also bring claims against Hargrave for civil conspiracy and noncompliance with the Texas Insurance Code. *Id.* at 16–19.

On September 29, 2017, Everest removed the case to this Court, alleging diversity of citizenship between the proper parties. Docket no. 1. Given that Plaintiffs and Hargrave are all citizens of Texas, Everest argues that Hargrave is improperly joined. *Id.* On October 27, 2017, Plaintiffs filed their Motion to Remand now pending before the Court. Docket no. 2.

## ANALYSIS

I. **Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See id.*

Federal district courts have original jurisdiction over civil actions if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy, which is alleged to be in excess of $75,000. Docket no. 1. Further, there are no disputes regarding the states of citizenship of any of the parties.

A defendant may remove a case with a non-diverse defendant to a federal forum if the non-diverse defendant is improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There are two ways to establish improper joinder: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non[-]diverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573) (emphasis in original). Because Hargrave is in fact non-diverse, the second type of improper joinder is at issue, and the Court must determine whether Plaintiffs state a cause of action against him. *See id.*

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). In order to meet this burden, the removing party must show that there is no reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199; *see also Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the

3

defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question for the court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550

## II. Application

Plaintiffs bring claims against Hargrave for violations of the Texas Insurance Code §§ 542.003(b)(5) and 541.060 and for civil conspiracy. Everest argues that Hargrave is improperly joined because Plaintiffs fail to state a plausible claim against Hargrave.

First, Plaintiffs fail to state a valid claim against Hargrave under § 542.003(b)(5). It is an unfair claim settlement practice for an "insurer" to compel "a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately

4

recovered in a suit brought by the policyholder." TEX. INS. CODE § 542.003(b)(5). But as an insurance adjuster, Hargrave cannot be held liable for violating Chapter 542. *See* TEX. INS. CODE § 542.002; *Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, No. SA-17-CV-00491-XR, 2017 WL 3448190, at *8 (W.D. Tex. Aug. 10, 2017); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016) (citing *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15-CV-1087–D, 2015 WL 5098047, at *6 (N.D. Tex. Aug. 31, 2015)). Accordingly, the Court finds that there is no reasonable basis to predict that Plaintiffs might be able to recover against Hargrave under § 542.003(b)(5).

Second, Plaintiffs fail to state a claim for civil conspiracy. "A civil conspiracy involves a combination of two or more persons with an unlawful purpose or a lawful purpose to be accomplished by unlawful means." *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001). A corporation "cannot conspire with itself, no matter how many of its agents participated in the wrongful action." *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 463 (5th Cir. 2003). Generally, "the acts of the employees or agents are acts of the principal," and employees and agents cannot conspire with one another unless they act outside the scope of their employment or for their own personal benefit. *Crouch v. Trinque*, 262 S.W.3d 417, 427 (Tex. App.—Eastland 2008, no pet.). Given that Plaintiffs allege that Hargrave is an agent of Everest, and do not allege that Hargrave and Everest allegedly conspired outside the scope of employment, there is no reasonable basis to predict that Plaintiffs might be able to recover against Hargrave on a claim for civil conspiracy.

Finally, it is an "unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage" in certain unfair settlement practices "with respect to a claim by an insured or beneficiary." TEX. INS. CODE § 541.060. Plaintiffs specifically allege that

5

Hargrave violated the Texas Insurance Code by, among other things, misrepresenting one or more material facts relating to policy coverage; failing to attempt to in good faith to effectuate a prompt, fair, and equitable settlement of a claim; failing to promptly provide a reasonable explanation of the basis for the denial of full payment; and refusing to conduct a reasonable investigation. Docket no. 1-1 at 16–17.

Texas law permits adjusters like Hargrave to be held individually liable for violations of the Texas Insurance Code. *See id.* § 541.002(2); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004). But for an adjuster to be held individually liable, the adjuster must have committed an act prohibited by the section, "not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).

Plaintiffs heavily track the statutory language of § 541.060 with their allegations. Such conclusory allegations with boilerplate language alone are insufficient to survive a 12(b)(6)-type analysis. Plaintiffs, however, state more specific allegations, including that Hargrave has been "dragging Plaintiffs' claim along for months," "has yet to produce an estimate of the undisputed damage amounts," and "purposefully dragged the claim out and failed to act promptly in order to pad his billing and increase his bonuses." Docket no. 1-1 at 17–18. Plaintiffs further allege that they provided information regarding the loss and claims to Hargrave, but that Hargrave ignored it. *Id.* at 18. Plaintiffs also allege that they "made requests for photos taken by Reno, but Hargrave failed and refused to respond to the inquiries and failed to properly adjust the claims and the loss." *Id.* Plaintiffs state sufficient specific facts related to possible claims under § 541.060 such that this Court cannot say that there is no reasonable basis to predict that

Plaintiffs might be able to recover against Hargrave on such claims. Further, the Court must resolve all factual allegations and contested issues of substantive fact in Plaintiffs' favor.

Plaintiffs have pled facts that provide the Court a reasonable basis to conclude Plaintiffs have a valid claim against Defendant Hargrave. Accordingly, Hargrave's citizenship must be considered when determining whether the parties have complete diversity under 28 U.S.C. § 1332(a). Because Hargrave is not diverse from Plaintiffs, diversity jurisdiction is defeated and the case may be properly remanded to state court.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant Hargrave was not improperly joined and hereby GRANTS Plaintiffs' Motion to Remand (Docket no. 2). The Court finds that it lacks subject-matter jurisdiction over this removed case and REMANDS the case to state court pursuant to 28 U.S.C. § 1447.

It is so ORDERED.

SIGNED this 30th day of November, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE